IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| S.G. and S.G., as parents and guardians of L.G., a minor, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No.: 08-C-50038 |
| ROCKFORD BOARD OF EDUCATION and KENNETH HELD, in His Capacity as Principal of Rolling Green Elementary School, | ) ) ) ) ) | Judge: Kapala |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS
COUNT IV OF PLAINTIFFS' COMPLAINT**

NOW COME the Defendants, ROCKFORD BOARD OF EDUCATION, SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS (incorrectly identified as "Rockford Board of Education" and hereinafter referred to as "the Board") and KENNETH HELD, in his Capacity as Principal of Rolling Green Elementary School (hereinafter "Principal Held"), by and through their attorney, Lori L. Hoadley of HINSHAW & CULBERTSON LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6), for their Memorandum of Law in support of their Motion to Dismiss Count IV of Plaintiffs' Complaint, state as follows:

**INTRODUCTION**

Plaintiffs, S.G. and S.G. ("Parents") as the parents of a minor, L.G., have sued the Rockford Board of Education, School District No. 205 ("the Board"), and its principal of Rolling Green Elementary School, Kenneth Held ("Principal Held"), in his official capacity, seeking compensation for alleged violations of federal and state law arising from a first-grade classmate's alleged sexual harassment of L.G. Count IV of Plaintiffs' Complaint asserts a claim

against Defendant Principal Held ("Principal Held") under a theory of negligence, alleging that Principal Held was negligent in his decision-making and implementation of policy, thereby failing to adequately protect L.G. from her first-grade classmate.

The Complaint alleges that prior to the Christmas holidays in the 2006-2007 school year, a male first-grader transferred from another school district and enrolled in the first grade at Rolling Green Elementary School. (Complaint ¶¶75-76).  The Complaint alleges that based on the contents of the first-grade transfer student's records, the Defendants knew or should have known that the first-grade transfer student (hereinafter "the problem first-grader") had a propensity to harm or sexually harass other students. (Complaint ¶78).  It is alleged that in January 2007, the parents of L.G. told Principal Held that the problem first-grader had verbalized "strange sexual requests" to L.G. (Complaint ¶83).  Plaintiffs further allege that the problem first-grader would sometimes sit beside L.G. in class and put his hands inside the back of L.G.'s pants, although Plaintiffs do not allege that Defendants were informed of this alleged conduct. (Complaint at ¶86).

On March 14, 2007, the problem first-grader is alleged to have taken L.G. to a janitor's closet where he allegedly sexually battered L.G. (Complaint ¶88). The Complaint alleges that L.G and the problem first-grader were discovered, together in the closet, by a school employee and were immediately taken to the Principal's office. (Complaint ¶¶89, 90). It is alleged that during the remainder of the 2006-2007 school year, the problem first-grader told L.G. that she was "hot" and verbalized other unspecified sexual innuendos. (Complaint ¶94). The problem first-grader is also alleged to have followed L.G. around at school. (Complaint at ¶94).  The Complaint alleges that Principal Held's alleged negligent response in dealing with the problem first-grader caused L.G. to experience "emotional and psychological issues," caused L.G.'s

parents to incur medical and counseling expenses, and caused L.G. to be deprived of equal access to Rolling Green Elementary School. (Complaint at ¶¶ 98, 100, 106).

## ARGUMENT

### I.    Federal Rule of Civil Procedure 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), all well-pled factual allegations are accepted as true and all reasonable inferences are construed in favor of the plaintiff.  *Remet Corp. v. City of Chicago*, 509 F.3d 816, 817 (7th Cir. 2007).

To withstand a motion to dismiss, the complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch*., 144 F.3d 448, 454-55 (7th Cir.1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). The plaintiff must plead allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). As the Supreme Court explained in *Bell Atlantic*, the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 127 S.Ct. 1964-65.

### II.    Count IV of Plaintiffs' Complaint is barred by the Local Governmental and Governmental Employees Tort Immunity Act.

Count IV asserts that Principal Held was negligent because he "knew or should have known by a cursory review of [the problem first-grader's] records of his propensity to harm, injure and/or to harass sexually other students," and that based on such a review of records Principal Held had a duty to disseminate information from the records to other school personnel so that they could "protect all of the other children who [the transfer student] would have contact

3

with from physical injury/emotional harm and/or sexual harassment/abuse." (¶¶ 78, 79, 80). The Complaint further alleges that Principal Held "had a duty to implement proactive measures or other special services" with respect to the problem first-grader "in order to intervene and prevent all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse." (Complaint at ¶ 81).

Because Count IV of the Complaint pleads negligence based on Principal Held's allegedly negligent decision-making with respect to the dissemination of information to other staff at the school, and with respect to the development and implementation of proactive measures and policies concerning an incoming transfer student, the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101 *et seq.*, bars Count IV.

The Tort Immunity Act, at 745 ILCS 10/2-201, provides that: "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." *Id.* "[A]n employee may be granted immunity if he holds either a position involving the determination of policy or a position involving the exercise of discretion." *Harinek v. 161 N. Clark St. Ltd. P'ship*, 181 Ill.2d 335, 341, 692 N.E.2d 1177, 230 Ill.Dec. 11 (1998). The Tort Immunity Act is intended to "protect local public entities and public employees from liability arising from the operation of government" and to "prevent the diversion of public funds from their intended purpose." *DeSmet v. County of Rock Island*, 219 Ill.2d 497, 504-05, 848 N.E.2d 1030 (Ill. 2006). Immunity under the Act is an affirmative matter property raised in a motion to dismiss. *Id.*

70560637v1 887625

Also relevant to this action is Section 2-109 of the Act, which immunizes a local public entity from liability for an injury resulting from an employee's act or omission where the employee is not liable. 745 ILCS 10/2-109.  Together, Sections 2-201 and 2-109 of the Act provide discretionary immunity to public entities. *Smith v. Waukegan Park Dist.*, 2008 WL 1746664, 3 (Ill. April 17, 2008) (citing *Arteman v. Clinton Comm. Unit School Dist. No. 15*, 198 Ill.2d 475, 484, 763 N.E.2d 756 (2002) ("Because '[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable' [citation], this broad discretionary immunity applies to the entities themselves")); *Village of Bloomingdale v. CDG Enterprises, Inc*., 196 Ill.2d 484, 496, 752 N.E.2d 1090 (Ill. 2001) ("the discretionary immunity doctrine is codified in Sections 2-109 and 2-201 of the Act, which provide that 'a public employee serving in a position involving the determination of policy or the exercise of discretion [and, thereby, the local public entity,] is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused' ")).

Discretionary acts are those which are "unique to a particular public office," while ministerial acts are "those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." *Snyder v. Curran Twp.*, 167 Ill.2d 466, 474 (Ill. 1995). Policy decisions are those that require the public entity or employee to "balance competing interests and to make a judgment call as to what solution will best serve each of those interests." *Harinek v. 161 North Clark Street Ltd. P'ship*, 181 Ill.2d 335, 342, 692 N.E.2d 1177 (Ill. 1998) (quoting *West v. Kirkham*, 147 Ill.2d 1, 11, 588 N.E.2d 1104, 1109 (Ill. 1992); *see also Harrison v. Hardin County Community Unit School Dist. No. 1*, 197 Ill.2d 466, 474, 758 N.E.2d 848, 853

(Ill. 2001) (holding that a principal's decision not to release a student from school to go home early despite severe weather conditions, which was the alleged cause of an accident and injuries, was a discretionary policy decision); *Moore v. Board of Educ. of City of Chicago*, 300 F.Supp.2d 641, 644 (N.D.Ill. 2004) (holding that the defendants' handling of plaintiffs' complaints, which required the balancing of competing interests, constituted policy decisions and acts of discretion and therefore entitled defendants to immunity under the Act.).

Here, the Complaint alleges that in response to receiving school records for an incoming first-grade transfer student, Principal Held had a duty to review the transfer student's records and to determine that information contained in those records should be shared with other staff at the school, but negligently failed to disseminate that information and also failed to "implement proactive measures or other special services to this problem student in order to intervene and prevent all of the other children who he would have contact with." (Complaint at ¶¶80, 81).

The omissions to act which are alleged to constitute negligence are discretionary acts and represent an implementation of policy, thus Principal Held is immune from liability for the alleged negligent omissions pled in Count IV. Moreover, even where a defendant may owe a special duty to the plaintiff, this does not operate to impose liability upon a public entity where the entity is immune from liability under the Act.  *Moore v. Bd. of Educ. of City of Chicago*, 300 F.Supp.2d 641, 645 (N.D.Ill. 2004) (citing *Harinek*, 181 Ill.2d at 347, 692 N.E.2d 1177).

III.    **John Doe v. The Chicago Board of Education  is inapplicable authority**

Plaintiffs' Complaint includes a citation to *John Doe v. The Chicago Bd. of Educ.*, 213 Ill.2d 19 (2004), implying that *Doe* provides authority for the proposition that Principal Held owed a duty to implement procedures that would protect students from the problem first grader, and that he has no immunity for any supposed breach of that duty.  (Complaint at ¶ 79).

70560637v1 887625

However, *Doe* is inapplicable authority, inasmuch as the circumstances in *Doe* are drastically different than those alleged in the case at bar.

In *Doe*, prior to the sexual assault that gave rise to the litigation, the offending youth in that case "had a deviant sexual history, had been declared a sexually aggressive child and youth ward (SACY), and was under a "Protective Plan" requiring that he never be left unsupervised among other children." *Id*. at 22. Notwithstanding the mandates of the formal Protective Plan, and the deviant youth's prior SACY adjudication, the defendants knowingly gave the SACY youth unsupervised access to a disabled child on a school bus; the SACY youth then assaulted the disabled child. The guardian of the assaulted child sued the school board and bus company for damages in tort.

The court in *Doe* rejected the defendant's argument that the plaintiff's complaint should be dismissed because the defendants were immune from any liability for failing to provide police protection service or to prevent the commissions of crimes, pursuant to Section 4-102 of the Tort Immunity Act.[1] The *Doe* Court found that because the defendants knew that the dangerous and deviant SACY youth was required to be supervised at all times due to the Protective Plan, and because they nevertheless knowingly left the SACY youth, unsupervised, on a school bus with a special needs child, the plaintiff's complaint had pled willful and wanton conduct sufficient to survive a motion to dismiss based on Section 4-102.

By contrast, in the case at bar, there is no suggestion in the Complaint that the problem first-grader had ever been declared deviant, was an adjudicated sex offender, or was subject to a Protective Plan. (*See generally*, Plaintiffs' Complaint). Neither do the Defendants in this case cite 4-102 as a basis for immunity.

---

[1] Defendants in the instant case do not rely upon this provision of the Tort Immunity Act.

The circumstances facing Principal Held, as pled in the Complaint, were far different and easily distinguishable from those present in *Doe*, even accepting as true all allegations of the Plaintiffs' Complaint as the Court must on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Moreover, Plaintiffs' Complaint alleges in Count IV that the alleged incident involving the problem first-grader and L.G. occurred when the problem first-grader snuck out of the classroom without his teacher's knowledge. (Complaint at ¶ 87) (emphasis added). Thus, there is no allegation that Principal Held knowingly placed L.G. in a situation where he had reason to believe she would be subjected to an assault, as occurred in *Doe*, where the defendants knowing provided the sexually deviant, SACY-adjudicated youth with unsupervised access to a disabled child on a school bus.

## CONCLUSION

Because the allegedly negligent conduct of Principal Held which is described in Count IV was discretionary and constituted the exercise of policy, Principal Held is immune from liability pursuant to the Tort Immunity Act. Count IV should accordingly be dismissed with prejudice.

WHEREFORE, for the reasons set forth herein and in Defendants' Motion to Dismiss Count IV, the Defendants, ROCKFORD BOARD OF EDUCATION, SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS, and KENNETH HELD, respectfully request that this Court enter an Order dismissing Count IV with prejudice.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By:  s/ Lori L. Hoadley
　　　Lori L. Hoadley

70560637v1 887625

## AFFIDAVIT OF SERVICE

The undersigned, pursuant to the provisions of Section 1-109 of the Illinois Code of Civil Procedure, hereby under penalty of perjury under the laws of the United States of America, certifies that on May 5, 2008, a copy of the foregoing was served upon:

**S.G. and S.G. v. Rockford Board of Education, School District No. 205**

For Plaintiff:
Joyce O'Neill Austin, Esq.
The Law Offices of Shriver, O'Neill & Thompson
515 N. Court Street
Rockford, IL  61103
Phone  815.963.4896
Fax      815.963.4904

By depositing a copy thereof, enclosed in an envelope in the United States Mail at Rockford, Illinois, proper postage prepaid, before the hour of 5:00 P.M., addressed as above.


/s Rhonda Walker



Firm No. 695
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
Phone  815.490.4900
Fax      815.490.4901

70560637v1 887625