IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| S.G. and S.G., as parents and guardians of L.G., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 08 C 50038 |
| v. | ) ) ) | Judge Kapala Magistrate Mahoney |
| ROCKFORD BOARD OF EDUCATION and KENNETH HELD, in His Capacity as Principal of Rolling Green Elementary School, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, ROCKFORD BOARD OF EDUCATION, SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS (incorrectly identified as "Rockford Board of Education" and hereinafter referred to as "the Board") and KENNETH HELD (hereinafter "Held"), by and through one of their attorneys, Lori L. Hoadley of HINSHAW & CULBERTSON LLP, hereby answering Plaintiff's Complaint and filing its Affirmative Defenses.

## PARTIES

1.     At all times relevant herein, Plaintiffs were residents of the City of Rockford, County of Winnebago and State of Illinois.

   **ANSWER:**   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, deny same.

2.     At all times relevant herein, ROCKFORD BOARD OF EDUCATION (hereinafter referred to as RBE) was a corporate body under the State of Illinois located within the boundaries of Winnebago County, State of Illinois.

   **ANSWER:**   Defendants admit the allegations contained in this paragraph.

3.      Defendant RBE employs at its Rockford, Illinois, sites, which include RBE located at 201 S. Madison Street and Rolling Green Elementary School located at 3615 Westgate Pkwy, Rockford, Illinois, over 3,000 employees.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

4.      At all times relevant, Defendant KENNETH HELD (hereinafter referred to as HELD), is a natural person, upon information and belief residing in the city of Rockford, the County of Winnebago, and State of Illinois; further Defendant HELD was an administrative employee of Defendant's school system and served as Principal at Rolling Green Elementary School.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

## JURISDICTION AND VENUE

5.      This is an action for violations of Title IX of the Education Amendments of 1972, brought pursuant to 20 USC §1681 *et. seq.,* as well as violations of Title VII of Civil Rights Act of 1964 §1983. Jurisdiction is founded upon a federal question of law, pursuant to 28 USC §1331. Further, pendant jurisdiction for the state law claims is proper pursuant to 28 USC §1441 (c). State law claims are brought pursuant to State of Illinois Abused and Neglected Reporting Act, 325 ILCS 5/1, et seq.

**ANSWER:**    Defendants admit that Plaintiffs seek to bring a cause of action pursuant to Title IX of the Education Amendments of 1972, brought pursuant to 20 USC §1681; and further admit that jurisdiction is therefore founded upon a federal question of law. Defendants admit that Plaintiffs improperly seek to bring a cause of action pursuant to the of Illinois Abused and Neglected Reporting Act, 325 ILCS 5/1, *et seq.*, but deny that this Act provides Plaintiffs with a private right of action to do so. Defendants deny that Plaintiffs have plead any allegations or sought relief under Title VII of Civil Rights Act of 1964. Further, Defendants deny engaging in any wrong-doing and deny the remaining allegations contained in this paragraph.

6.      Venue is proper in this district and division pursuant to 28 USC §1391a.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

70557771v2 887625

## COUNT I

## FOR SEXUAL HARASSMENT AND BATTERY UNDER TITLE IX

7.    During the 2006-2007 school year, a new student enrolled in the Rockford Public School District #205, at Rolling Green Elementary School.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

8.    This student was a first grade student who transferred from another school district prior to the Christmas holidays because of his past history of behavioral problems, sexual misconduct and other discipline problems.

**ANSWER:**    Defendants admit that a first grade student transferred to the Rockford Public School District #205 prior to the Christmas holidays, and further admit that the student had a history of behavioral and/or discipline problems. Defendants deny the remaining allegations contained in this paragraph.

9.    At least a significant portion of this problem student's history of sexual misconduct/harassment was disclosed either by transferred school records and/or by his parent/guardian to the Rolling Green Elementary School Principal, HELD, and/or to other personnel i.e. classroom teacher, supervisors/administrators of RBE.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

10.    The principal, HELD, and/or other administrators and supervisors of Defendant knew or should have known by a cursory review of said problem student's records of his propensity to harm, injure and/or to harass sexually other students.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

11.    Knowing the above, no precautions or warnings were made by the Defendants to other school personnel so that the problem student's peers would be protected. John Doe vs. The Chicago Board of Education, 213 Ill.2d 19 (2004).

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

12.    The principal, HELD, and/or other administrators/supervisors of Defendant had a duty to warn all school personnel of this problem student's history in order that they could protect all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse.

3

**ANSWER:**    This paragraph states a legal conclusion and, accordingly, requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

13.    The principal, HELD, and RBE had a duty to implement proactive measures or other special services to this problem student in order to intervene and prevent all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse as they are in a position of in loco parentis.

**ANSWER:**    This paragraph states a legal conclusion and, accordingly, requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

14.    Upon information and belief, the principal, HELD, and/or other supervisors and administrators of Defendant allowed this known problem student to be placed in an overcrowded classroom of 32 students with a totally uninformed teacher who had no aide to assist her.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

15.    In January, 2007, the Plaintiff, parents of student L.G., another first grade student in the same classroom of this problem student, informed principal HELD at least twice of the harassing nature and strange sexual requests of the problem student to their daughter, L.G.

**ANSWER:**    Defendants deny the allegations contained in this paragraph. Answering further, Defendants aver that L.G.'s parents told L.G.'s teacher that L.G. had told her parents that the transfer student made a strange request of L.G. Defendants further aver that the teacher conveyed this information to Principal HELD.

16.    Principal HELD informed the parents at that time that this problem student had behavioral issues and sexual misconduct issues, but that there was essentially nothing to worry about.

**ANSWER:**    Defendants admit that Principal HELD informed the parents that the transfer student had behavioral issues and that Principal HELD attempted to reassure L.G.'s parents by informing the parents that the school was attempting to address the issues. Defendants deny the remaining allegations contained in this paragraph.

17.    L.G.'s classroom teacher was still unaware of the issues and was not informed by the administration to take precautions nor did she receive any assistance to protect student L.G.

**ANSWER:**    Defendants deny the allegations contained in this paragraph. Answering further, Defendants aver that it was L.G.'s teacher who informed Principal HELD that L.G.'s parents had told her that L.G. had told them that the transfer student had made a strange request of L.G.

18.    That the sexual harassment continued the rest of the school year whereby the problem student would, for example, in reading group sit beside/behind student L.G. and he would put his hands down the back of her pants on a regular basis and fondle her on her naked buttocks and smell his fingers.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

19.    On March 14, 2007, student L.G. had permission to go to the bathroom and unbeknownst to the classroom teacher, the problem student left the classroom and followed her.

**ANSWER:**    Defendants admit that in March 2007, student L.G. and other students were given permission by the classroom teacher to go to the bathroom.  Defendants deny that the incident described by the Plaintiffs occurred on March 14, 2007; and, Defendants deny the remaining allegations contained in this paragraph.

20.    The problem student then took student L.G. to a janitor's closet and proceeded to sexually batter, harass and abuse her, physically and emotionally, in an aberrant sexual manner. (The specifics of this incident are too egregious and graphic to detail here, but are alleged sufficiently to place Defendants on notice).

**ANSWER:**    Defendants admit that the transfer student and L.G. went into a closet located in the hallway of the school.  Defendants deny the remaining allegations contained in this paragraph.

21.    They were discovered by a passing aide/paraprofessional who heard student L.G.'s cries, complaints and whimpers from said closet where she was trapped by the problem student.

**ANSWER:**    Defendants admit that the transfer student and L.G. were discovered together, in a closet, by a passing paraprofessional. Answering further, Defendants aver that the paraprofessional heard noises coming from the closet, but did not report hearing cries, complaints or whimpers. Defendants deny the remaining allegations contained in this paragraph.

70557771v2 887625

22.     Both children were taken to the principal's office who interrogated the children without notifying student L.G.'s parents. He eventually called them 45 minutes later on his cell phone as he was driving to a meeting to inform them that their daughter was hysterical and they should pick her up in the office.

> **ANSWER:**    Defendants admit that the children were taken to the principal's office. Defendants further admit that Principal HELD called L.G.'s parents on the telephone to notify them of the incident. Answering further, Defendants aver that L.G. was not hysterical, that she initially returned to her classroom after the incident, and that she was picked up by her parents form the classroom. Defendants deny the remaining allegations contained in this paragraph.

23.     Little, if any, information was provided to the parents of student L.G., and upon information and belief, D.C.F.S. was not called by any school teacher or administrator who were required to do so as mandated reporters under Illinois Abused and Neglected Reporting Act.

> **ANSWER:**    Defendants deny the allegations contained in this paragraph. Answering further, Defendants aver that Principal HELD called DCFS and reported the incident.

24.     The parents of student L.G. called the police that night who investigated the matter through the Carrie Lynn Center.

> **ANSWER:**    Defendants admit the allegations contained in this paragraph.

25.     No significant action was taken to protect student L.G. from further sexual harassment/assault by the problem student the remainder of the school year of 2007-2008.

> **ANSWER:**    Defendants admit that it took action to protect student L.G. from any further incidents in that Defendants immediately disciplined the transfer student by suspending him for a period of time; Defendants immediately reassigned the transfer student to a different classroom after the incident in the effort to avoid having the transfer student come into contact with L.G.; Defendants assigned a paraprofessional to the transfer student to accompany him throughout each school day; and Defendants provided L.G. with the opportunity to select friends to eat lunch with her in the classroom with the classroom teacher.  Defendants deny that such interventions were not significant and deny the remaining allegations contained in this paragraph.

26.     The parents continued to complain about further sexual harassment of student L.G. by the problem student telling her that she is "hot" and other sexual innuendos and he continued to

70557771v2 887625

follow her and stalk her on the playground and other locations at Rolling Green Elementary for the remainder of the school year.

> **ANSWER:**    Defendants admit that L.G.'s parents continued to report their concerns about the transfer student remaining in the same school as L.G. throughout the remainder of the school year. Answering further, Defendants aver that when Defendants were informed that the transfer student was attempting to communicate with L.G. through other students, the Defendants ordered the transfer student to cease all such activities and ensured that the transfer student's communications with other students were monitored by the transfer student's assigned paraprofessional. Defendants deny the remaining allegations contained in this paragraph.

27.    The investigating detective, Nunminchuk, went twice to Rolling Green Elementary after the incident of March 14, 2007, to warn principal HELD to keep the problem student away from student L.G. to no avail.

> **ANSWER:**    Defendants admit that Detective Nunminchuk traveled to Rolling Green Elementary after the incident.  Defendants deny the remaining allegations contained in this paragraph.  Answering further, Defendants aver that Principal HELD provided Detective Nunminchuk with status updates concerning L.G. and the transfer student.

28.    On behalf of Plaintiffs, Attorney Cynthia Szymanski Koroll wrote letters to principal HELD on April 2, 2007, and May 24, 2007, and spoke with Attorney Katz (RBE in house counsel) on May 29, 2007, (and followed it with another letter) regarding the issues of continuing and ongoing sexual harassment of student L.G. by the problem student.

> **ANSWER:**    Defendants admit that, on behalf of Plaintiffs, Attorney Cynthia Szymanski Koroll wrote letters to principal HELD on or about April 2, 2007, and May 24, 2007, and spoke with Attorney Katz (RBE on house counsel) on or about May 29, 2007, (and followed it with another letter) regarding the issues related to L.G. and the transfer student.  Defendants deny the remaining allegations contained in this paragraph.

29.    Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

> **ANSWER:**    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Student L.G. has been in counseling at the Carrie Lynn

7

Center and/or in private counseling or about any diagnosis or reason for such counseling. Therefore, Defendants deny the allegations contained in this paragraph.

30.    Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

31.    The parents of student L.G. had to move her to a protected private school for the 2007-2008 school year for her emotional and physical safety and her well being because RBE refused to move, control, or supervise the perpetrator problem student.

**ANSWER:**    Defendants admit that on information and belief, L.G. now attends a private school. Defendants deny the remaining allegations.

32.    The parents of student L.G. have incurred medical and counseling expenses as a result of the sexual harassment/abuse and battery of student L.G. by another student all as a result of the failure of the school principal, HELD, and administrative staff from protecting her when they were put on notice in January, 2007, of the problem student's aberrant sexual actions and again in March 14, 2007 (when he was allowed to follow her unsupervised out of the classroom to the bathroom) when they failed as mandated reporters to notify D.C.F.S. and when they allowed continuing sexual harassment to occur without adequate safeguards for the remainder of the 2006-2007 school year even with the notice given by Carrie Lynn Center, Detective Nunminchuk and Attorney Szymanski Koroll.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE, for the foregoing reasons, Defendants, THE BOARD OF EDUCATION OF THE ROCKFORD PUBLIC SCHOOLS, DISTRICT NO. 205 and KENNETH HELD move for an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendants their costs of suit, and for such other and further relief as this Court deems just and appropriate.

70557771v2 887625

## COUNT II

### SUBSTANTIVE DUE PROCESS CLAIM 42 U.S.C. §1983 AND VIOLATION OF THE ILLINOIS ABUSED AND NEGLECTED CHILD REPORTING ACT 325 ILCS 5/1, et seq.

33.    The Illinois Abused and Neglected Child Reporting Act requires all school employees to report to the Department of Children and Family Services if they have reasonable cause to believe a child known to them in their professional capacity may be abused. Doe v. Dimovski, 336 Ill.App.3d 292, 783 N.E.2d 193,270 Ill.Dec. 618 (2nd Dist. 2003); Doe v. Board of Education of Hononegah Community High School District No. 207, 833 F.Supp. 1366 (N.D. Ill. 1993).

> **ANSWER:**    This paragraph states a legal conclusion and therefore requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

34.    Upon information and belief no report was made as required by HELD or any other administrator or teacher or paraprofessional employed by RBE.

> **ANSWER:**    Defendants deny the allegations contained in this paragraph. Answering further, Defendants aver that Principal HELD reported the March 2007 incident to DCFS.

35.    That Defendants HELD and RBE violated student L.G.'s substantive due process rights by failing to protect her and to notify the proper authorities when they were put on notice of strange, unusual and aberrant sexual harassment of student L.G. by the problem student in January, 2007.

> **ANSWER:**    This paragraph states a legal conclusion, and hence, requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

36.    HELD was an appropriate official of Defendant RBE and had actual notice of the sexual harassments and abuse directed against student L.G. both in January, 2007, and after March 14, 2007.

> **ANSWER:**    This paragraph states a legal conclusion, and hence, requires no response. Notwithstanding, Defendants aver that L.G.'s parents told L.G.'s teacher that L.G. told them that the student had made a strange request of her in January 2007. Defendants further aver that this information was conveyed by the teacher to Principal HELD.

9

Defendants further aver that on March 13, 2007 Principal HELD was notified by a paraprofessional that L.G. and the transfer student had been found together in a closet at the school. Principal HELD was informed by the Plaintiffs that the transfer student behaved inappropriately toward L.G. in the closet. Defendants lack sufficient knowledge or information to form a belief as to whether HELD "was an appropriate official," given the ambiguity of this allegation, and therefore deny this allegation. Defendants deny any remaining allegations contained in this paragraph.

37. HELD responded with deliberate indifference to the problem student's misconduct and sexual battery/harassment of student L.G. allowing it to continue at least in the form of sexual harassment for the remainder of the 2006-2007 school year. This is despite at least five warnings by a Rockford Detective and an attorney.

**ANSWER:** Defendants aver that they took action to protect student L.G. from any further incidents in that Defendants immediately disciplined the transfer student by suspending him for a period of time; Defendants immediately reassigned the transfer student to a different classroom after the incident in the effort to avoid having the transfer student come into contact with L.G.; Defendants assigned a paraprofessional to the transfer student to accompany him throughout each school day; and Defendants provided L.G. with the opportunity to select friends to eat lunch with her in the classroom with the classroom teacher. Defendants deny that such interventions demonstrated deliberate indifference toward the Plaintiffs' concerns. Defendants deny the remaining allegations contained in this paragraph.

38. That this peer sexual harassment of student L.G. by this problem student was so severe, pervasive and objectively offensive and it so undermined student L.G.'s educational experience that she was effectively denied equal access to the elementary school she and her sister had attended for several years. She is now attending a private school.

**ANSWER:** Defendants admit that on information and belief, L.G. now attends a private school. Defendants deny the remaining allegations.

39. Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

70557771v2 887625

**ANSWER:**    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Student L.G. has been in counseling at the Carrie Lynn Center and/or in private counseling or about any diagnosis or reason for such counseling. Therefore, Defendants deny the allegations contained in this paragraph.

40.    Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

WHEREFORE, for the foregoing reasons, Defendants, THE BOARD OF EDUCATION OF THE ROCKFORD PUBLIC SCHOOLS, DISTRICT NO. 205 and KENNETH HELD move for an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendants their costs of suit, and for such other and further relief as this Court deems just and appropriate.

## COUNT III

### WILLFUL AND WANTON MISCONDUCT AGAINST BOTH DEFENDANTS FOR DELIBERATE INDIFFERENCE TO SEXUAL HARASSMENT AND BATTERY

41.    During the 2006-2007 school year a new student enrolled in the Rockford Public School District #205, at Rolling Green Elementary School.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

42.    This student was a first grade student who transferred from another school district prior to the Christmas holidays because of his past history of behavioral problems, sexual misconduct and other discipline problems.

**ANSWER:**    Defendants admit that a first grade student transferred to the Rockford Public School District #205 prior to the Christmas holidays, and further admit that the student had a history of behavioral and/or discipline problems. Defendants deny the remaining allegations contained in this paragraph.

43.    At least a significant portion of this problem student's history of sexual misconduct harassment was disclosed either by transferred school records and/or by his parent/guardian to the Rolling Green Elementary School Principal, HELD, and/or to other personnel i.e. classroom teacher, supervisors/administrators of RBE.

11

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

44.     The principal, HELD, and/or other administrators and supervisors of Defendant knew or should have known by a cursory review of said problem student's records of his propensity to harm, injure and/or to harass sexually other students.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

45.     Knowing the above, no precautions or warnings were made by the Defendants to other school personnel so that the problem student's peers would be protected. John Doe vs. The Chicago Board of Education, 213 Ill.2d 19 (2004).

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

46.     The principal, HELD, and/or other administrators/supervisors of Defendant had a duty to warn all school personnel of this problem student's history in order that they could protect all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse.

**ANSWER:**     This paragraph states a legal conclusion and, accordingly, requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

47.     The principal, HELD, and RBE had a duty to implement proactive measures or other special services to this problem student in order to intervene and prevent all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse as they are in a position of in loco parentis.

**ANSWER:**     This paragraph states a legal conclusion and, accordingly, requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

48.     Upon information and belief, the principal, HELD, and/or other supervisors and administrators of Defendant allowed this known problem student to be placed in an overcrowded classroom of 32 students with a totally uninformed teacher who had no aide to assist her.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

49.     In January, 2007, the Plaintiff, parents of student L.G., another first grade student in the same classroom of this problem student, informed principal HELD at least twice of the harassing nature and strange sexual requests of the problem student to their daughter, L.G.

70557771v2 887625

**ANSWER:**    Defendants deny the allegations contained in this paragraph. Answering further, Defendants aver that L.G.'s parents told L.G.'s teacher that L.G. had told her parents that the transfer student made a strange request of L.G. Defendants further aver that the teacher conveyed this information to Principal HELD.

50.    Principal HELD informed the parents at that time that this problem student had behavioral issues and sexual misconduct issues, but that there was essentially nothing to worry about.

**ANSWER:**    Defendants admit that Principal HELD informed the parents that the transfer student had behavioral issues and that Principal HELD attempted to reassure L.G.'s parents by informing the parents that the school was attempting to address the issues.  Defendants deny the remaining allegations contained in this paragraph.

51.    L.G.'s classroom teacher was still unaware of the issues and was not informed by the administration to take precautions nor did she receive any assistance to protect student L.G.

**ANSWER:**    Defendants deny the allegations contained in this paragraph. Answering further, Defendants aver that it was L.G.'s teacher who informed Principal HELD that L.G.'s parents had told her that L.G. had told them that the transfer student had made a strange request of L.G.

52.    That the sexual harassment continued the rest of the school year whereby the problem student would, for example, in reading group sit beside/behind student L.G. and he would put his hands down the back of her pants on a regular basis and fondle her on her naked buttocks and smell his fingers.

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

53.    On March 14, 2007, student L.G. had permission to go to the bathroom and unbeknownst to the classroom teacher, the problem student left the classroom and followed her.

**ANSWER:**    Defendants admit that in March 2007, student L.G. and other students were given permission by the classroom teacher to go to the bathroom.  Defendants deny that the incident described by the Plaintiffs occurred on March 14, 2007; and, Defendants deny the remaining allegations contained in this paragraph.

54.    The problem student then took student L.G. to a janitor's closet and proceeded to sexually batter, harass and abuse her, physically and emotionally, in an aberrant sexual manner. (The

70557771v2 887625

specifics of this incident are too egregious and graphic to detail here, but are alleged sufficiently
to place Defendants on notice).

> **ANSWER:**    Defendants admit that the transfer student and L.G. went into a closet
> located in the hallway of the school.    Defendants deny the remaining allegations
> contained in this paragraph.

55.    They were discovered by a passing aide/paraprofessional who heard student L.G.'s cries,
complaints and whimpers from said closet where she was trapped by the problem student.

> **ANSWER:**    Defendants admit that the transfer student and L.G. were discovered
> together, in a closet, by a passing paraprofessional. Answering further, Defendants aver
> that the paraprofessional heard noises coming from the closet, but did not report hearing
> cries, complaints or whimpers. Defendants deny the remaining allegations contained in
> this paragraph.

56.    Both children were taken to the principal's office who interrogated the children without
notifying student L.G.'s parents. He eventually called them 45 minutes later on his cell phone as
he was driving to a meeting to inform them that their daughter was hysterical and they should
pick her up in the office.

> **ANSWER:**    Defendants admit that the children were taken to the principal's office.
> Defendants further admit that Principal HELD called L.G.'s parents on the telephone to
> notify them that they should come and pick up their daughter at the school. Answering
> further, Defendants aver that L.G. was not hysterical, that she initially returned to her
> classroom after the incident, and that she was picked up by her parents from the
> classroom. Defendants deny the remaining allegations contained in this paragraph.

57.    Little, if any, information was provided to the parents of student L.G., and upon
information and belief, D.C.F.S. was not called by any school teacher or administrator who were
required to do so as mandated reporters under Illinois Abused and Neglected Reporting Act.

> **ANSWER:**    Defendants deny the allegations contained in this paragraph. Answering
> further, Defendants aver that Principal HELD called DCFS and reported the incident.

58.    The parents of student L.G. called the police that night who investigated the matter
through the Carrie Lynn Center.

> **ANSWER:**    Defendants admit the allegations contained in this paragraph.

59.    No significant action was taken to protect student L.G. from further sexual harassment/assault by the problem student the remainder of the school year of 2007-2008.

**ANSWER:**    Defendants admit that it took action to protect student L.G. from any further incidents in that Defendants immediately disciplined the transfer student by suspending him for a period of time; Defendants immediately reassigned the transfer student to a different classroom after the incident in the effort to avoid having the transfer student come into contact with L.G.; Defendants assigned a paraprofessional to the transfer student to accompany him throughout each school day; and Defendants provided L.G. with the opportunity to select friends to eat lunch with her in the classroom with the classroom teacher.  Defendants deny that such interventions were not significant and deny the remaining allegations contained in this paragraph.

60.    The parents continued to complain about further sexual harassment of student L.G. by the problem student telling her that she is "hot" and other sexual innuendos and he continued to follow her and stalk her on the playground and other locations at Rolling Green Elementary for the remainder of the school year.

**ANSWER:**    Defendants admit that L.G.'s parents continued to report their concerns about the transfer student remaining in the same school as L.G. throughout the remainder of the school year. Answering further, Defendants aver that when Defendants were informed that the transfer student was attempting to communicate with L.G. through other students, the Defendants ordered the transfer student to cease all such activities and ensured that the transfer student's communications with other students were monitored by the transfer student's assigned paraprofessional. Defendants deny the remaining allegations contained in this paragraph.

61.    The investigating detective, Nunminchuk, went twice to Rolling Green Elementary after the incident of March 14, 2007, to warn principal HELD to keep the problem student away from student L.G. to no avail.

**ANSWER:**    Defendants admit that Detective Nunminchuk traveled to Rolling Green Elementary after the incident.  Defendants deny the remaining allegations contained in this paragraph.  Answering further, Defendants aver that Principal HELD provided Detective Nunminchuk with status updates concerning L.G. and the transfer student.

70557771v2 887625

62.     On behalf of Plaintiffs, Attorney Cynthia Szymanski Koroll wrote letters to principal HELD on April 2, 2007, and May 24, 2007, and spoke with Attorney Katz (RBE in house counsel) on May 29, 2007, (and followed it with another letter) regarding the issues of continuing and ongoing sexual harassment of student L.G. by the problem student.

    **ANSWER:**     Defendants admit that, on behalf of Plaintiffs, Attorney Cynthia Szymanski Koroll wrote letters to principal HELD on April 2, 2007, and May 24, 2007, and spoke with Attorney Katz (RBE on house counsel) on May 29, 2007, (and followed it with another letter) regarding the issues related to L.G. and the transfer student. Defendants deny the remaining allegations contained in this paragraph.

63.     Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

    **ANSWER:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Student L.G. has been in counseling at the Carrie Lynn Center and/or in private counseling or about any diagnosis or reason for such counseling. Therefore, Defendants deny the allegations contained in this paragraph.

64.     Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

    **ANSWER:**     Defendants deny the allegations contained in this paragraph.

65.     The parents of student L.G. had to move her to a protected private school for the 2007-2008 school year for her emotional and physical safety and her well being because RBE refused to move, control, or supervise the perpetrator problem student.

    **ANSWER:**     Defendants deny the allegations contained in this paragraph.

66.     The parents of student L.G. have incurred medical and counseling expenses as a result of the sexual harassment/abuse and battery of student L. G. by another student all as a result of the failure of the school principal, HELD, and administrative staff from protecting her when they were put on notice in January, 2007, of the problem student's aberrant sexual actions and again in March 14, 2007(when he was allowed to follow her unsupervised out of the classroom to the bathroom) when they failed as mandated reporters to notify D.C.F.S. and when they allowed continuing sexual harassment to occur without adequate safeguards for the remainder of the 20062007 school year even with the notice given by Carrie Lynn Center, Detective Nunminchuk and Attorney Szymanski Koroll.

16

70557771v2 887625

**ANSWER:**    Defendants deny the allegations contained in this paragraph.

67.    The Illinois Abused and Neglected Child Reporting Act requires all school employees to report to the Department of Children and Family Services if they have reasonable cause to believe a child known to them in their professional capacity may be abused. Doe v. Dimovski, 336 Ill.App.3d 292,783 N.E.2d 193,270 Ill.Dec. 618 (2nd Dist. 2003); Doe v. Board of Education of Hononegah Community High School District No. 207, 833 F.Supp. 1366 (N.D. Ill. 1993).

**ANSWER:**    This paragraph states a legal conclusion and therefore requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

68.    Upon information and belief no report was made as required by HELD or any other administrator or teacher or paraprofessional employed by RBE.

**ANSWER:**    Defendants deny the allegations contained in this paragraph. Answering further, Defendants aver that Principal HELD reported the March 2007 incident to DCFS.

69.    That Defendants HELD and RBE violated student L.G's substantive due process rights by failing to protect her and to notify the proper authorities when they were put on notice of strange, unusual and aberrant sexual harassment of student L.G. by the problem student in January, 2007.

**ANSWER:**    This paragraph states a legal conclusion and, hence, requires no response. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

70.    HELD was an appropriate official of Defendant RBE and had actual notice of the sexual harassments and abuse directed against student L.G. both in January, 2007, and after March 14, 2007.

**ANSWER:**    This paragraph states a legal conclusion, and hence, requires no response. Notwithstanding, Defendants aver that L.G.'s parents told L.G.'s teacher that L.G. told them that the student had made a strange request of her in January 2007. Defendants further aver that this information was conveyed by the teacher to Principal HELD. Defendants further aver that on March 13, 2007 Principal HELD was notified by a paraprofessional that L.G. and the transfer student had been found together in a closet at the school.    Principal HELD was informed by the Plaintiffs that the transfer student behaved inappropriately toward L.G. in the closet. Defendants lack sufficient knowledge

17

or information to form a belief as to whether HELD "was an appropriate official," given the ambiguity of this allegation, and therefore deny this allegation. Defendants deny any remaining allegations contained in this paragraph.

71.   HELD responded with deliberate indifference to the problem student's misconduct and sexual battery/harassment of student L.G. allowing it to continue at least in the form of sexual harassment for the remainder of the 2006-2007 school year. This is despite at least five warnings by a Rockford Detective and an attorney.

**ANSWER:**   This paragraph states a legal conclusion and hence, requires no response. To the extent an answer is required, Defendants deny the allegations and aver that the transfer student was re-assigned to another classroom so as to avoid contact between L.G. and the transfer student. Defendants further aver that after the March 2007 incident, a paraprofessional was assigned to the transfer student to accompany him throughout each school day for the remainder of the school year.

72.   That this peer sexual harassment of student L.G. by this problem student was so severe, pervasive and objectively offensive and it so undermined student L.G.'s educational experience that she was effectively denied equal access to the elementary school she and her sister had attended for several years. She is now attending a private school.

**ANSWER:**   Defendants admit that on information and belief, L.G. now attends a private school. Defendants deny the remaining allegations.

73.   Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

**ANSWER:**   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Student L.G. has been in counseling at the Carrie Lynn Center and/or in private counseling or about any diagnosis or reason for such counseling. Therefore, Defendants deny the allegations contained in this paragraph.

74.   Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

**ANSWER:**   Defendants deny the allegations contained in this paragraph.

WHEREFORE, for the foregoing reasons, Defendants, THE BOARD OF EDUCATION

OF THE ROCKFORD PUBLIC SCHOOLS, DISTRICT NO. 205 and KENNETH HELD move

for an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendants their costs

of suit, and for such other and further relief as this Court deems just and appropriate.

**COUNT IV**

Defendants have moved to dismiss Count IV of Plaintiffs' complaint.

70557771v2 887625

## AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed to state a claim upon which relief can be granted in Count I for Title IX sexual harassment because they have not alleged conduct by the Defendants that was "clearly unreasonable" under the circumstances.

2.      Plaintiffs' claims in Count II, pursuant to 42 U.S.C. § 1983, are preempted by Title IX.

3.      Plaintiffs fail to allege repeated violation of a constitutional right and therefore fail to state a claim under § 1983 in Count II.

4.      Plaintiffs fail to allege an express policy or widespread practice of the School District which caused a constitutional deprivation.

5.      Plaintiffs lack standing to sue for a violation of the Illinois Abused and Neglected Child Reporting Act because the Act does not provide for a private cause of action.

6.      Under the plain language of the Illinois Abused and Neglected Child Reporting Act, the Defendants were under no obligation to report child-on-child sexual activity at school to DCFS.

7.      The Local Governmental and Governmental Employees Tort Immunity Act bars Plaintiffs from recovering under Counts III and IV.

WHEREFORE, for the foregoing reasons, Defendants, ROCKFORD BOARD OF EDUCATION, SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS, and KENNETH HELD move for an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendants their costs of suit, and for such other and further relief as this Court deems just and appropriate.

70557771v2 887625

Respectfully submitted,

ROCKFORD BOARD OF EDUCATION,
SCHOOL DISTRICT NO. 205,
WINNEBAGO-BOONE COUNTIES,
ILLINOIS, and KENNETH HELD,
Defendants.


By: s/Lori L. Hoadley
    Lori L. Hoadley
    Hinshaw & Culbertson LLP
    100 Park Avenue
    P.O. Box 1389
    Rockford, IL 61105-1389
    815-490-4900

70557771v2 887625

## AFFIDAVIT OF SERVICE

The undersigned certifies that on May 6, 2008, a copy of the foregoing was electronically

served via the U.S. District Court CM/ECF E-Filing System upon the following:

### S.G. and S.G. v. Rockford Board of Education, School District No. 205

For Plaintiff:

Joyce O'Neill Austin, Esq.

The Law Offices of Shriver, O'Neill & Thompson

515 N. Court Street

Rockford, IL  61103

Phone  815.963.4896

Fax     815.963.4904


/s Rhonda Walker




Firm No. 695
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
Phone  815.490.4900
Fax     815.490.4901

70557771v2 887625