**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **S.G. and S.G.,** as parents | ) | |
| and guardians of | ) | |
| **L.G.,** a minor, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08-C-50038 |
| | ) | |
| vs. | ) | |
| | ) | |
| **ROCKFORD BOARD OF EDUCATION** | ) | |
| and **KENNETH HELD**, | ) | Judge Kapala |
| in His Capacity as Principal of Rolling Green | ) | Magistrate Mahoney |
| Elementary School, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**RESPONSE TO DEFENDANTS' AFFIRMATIVE DEFENSES**</u>

**NOW COMES** the Plaintiffs, S.G. and S.G. as parents and guardians of L.G., a minor, by their attorneys, LAW OFFICES OF SHRIVER, O'NEILL & THOMPSON, and in Response to Defendants' Affirmative Defenses, states as follows:

1.      Plaintiffs have failed to state a claim upon which relief can be granted in Count I for Title IX sexual harassment because they have not alleged conduct by the Defendants that was "clearly unreasonable" under the circumstances.

**ANSWER:**      Plaintiffs deny the allegations contained in this paragraph.

2.      Plaintiffs' claims in Count II, pursuant to 42 U.S.C. § 1983, are preempted by Title IX.

**ANSWER:**      Plaintiffs deny the allegations contained in this paragraph.

3.      Plaintiffs fail to allege repeated violation of a constitutional right and therefore fail to state a claim under § 1983 in Count II.

**ANSWER:**      Plaintiffs deny the allegations contained in this paragraph.

1

4.      Plaintiffs fail to allege an express policy or widespread practice of the School District which caused a constitutional deprivation.

**ANSWER:**      Plaintiffs deny the allegations contained in this paragraph.

5.      Plaintiffs lack standing to sue for a violation of the Illinois Abused and Neglected Child Reporting Act because the Act does not provide for a private cause of action.

**ANSWER:**      Plaintiffs admit that there is no standing to sue for private right of action, but aver that a violation of a statute is "negligence per se" as it is a criminal offense.

6.      Under the plain language of the Illinois Abused and Neglected Child Reporting Act, the Defendants were under no obligation to report child-on-child sexual activity at school to DCFS.

**ANSWER:**      Plaintiffs deny the allegations contained in this paragraph.

7.      The Local Governmental and Governmental Employees Tort Immunity Act bars Plaintiffs from recovering under Counts III and IV.

**ANSWER:**      Plaintiffs deny the allegations contained in this paragraph.

WHEREFORE, for the foregoing reasons, Plaintiffs, S.G. and S.G. as parents and guardians of L.G., a minor move for an Order dismissing Defendant's Affirmative Defenses with prejudice and awarding Plaintiffs their costs of suit, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

S.G. and S.G. as parents and guardians of L.G., a minor, Plaintiffs.

By: /s/Joyce O'Neill Austin
          Joyce O'Neill Austin
          Shriver, O'Neill & Thompson
          515 N. Court Street
          Rockford, IL 61103
          Phone: (815) 963-4896

**<u>AFFIDAVIT OF SERVICE</u>**

The undersigned certifies that on June 4, 2008, a copy of the following was electronically served vis the U.S. District Court CM/ECF E-Filing System upon the following:

**<u>S.G. and S.G. v. Rockford Board of Education, School District No. 205</u>**

<u>For Defendant:</u>

Lori L. Hoadley

Hinshaw & Culbertson LLP

100 Park Avenue

P.O. Box 1389

Rockford, IL 61105-1389

Phone: (815) 490-4900

/s/ Michelle Kayser

Prepared by:
THE LAW OFFICES OF
SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin
515 N. Court Street
Rockford, IL 61103
Phone: (815) 963-4896
Fax:    (815) 963-4904