UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| **S.G. and S.G.,** as parents and guardians of **L.G.,** a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-C-50038 |
| vs. | ) ) ) | |
| **ROCKFORD BOARD OF EDUCATION** and **KENNETH HELD**, in His Capacity as Principal of Rolling Green Elementary School, | ) ) ) ) ) ) | Judge Kapala Magistrate Mahoney |
| Defendants. | ) | |

## PLAINITFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON PLEADINGS

**NOW COMES** the Plaintiffs, S.G. and S.G. as parents and guardians of L.G., a minor, by their attorneys, LAW OFFICES OF SHRIVER, O'NEILL & THOMPSON, and in Response to Defendants' Motion for Judgment on Pleadings, states as follows:

1. Plaintiffs, S.G. and S.G. ("Parents") as the parents of a minor, L.G., have sued the Rockford Board of Education, District No. 205 ("the Board"), and its principal of Rolling Green Elementary School, Kenneth Held, in his official capacity, ("Principal"), seeking compensation for alleged violations of federal and state law arising from a failure to prevent and/or adequately remedy alleged sexual harassment by one of L.G.'s first-grade classmates.

   **ANSWER:** Plaintiffs admit to the allegations contained in this paragraph.

**Count I – Title IX**

2. Count I alleges violations of Title IX of the Education Amendments of 1972, 20

U.S.C. §§ 1681-1688 in the context of a hostile learning environment, however, Plaintiffs fail to allege conduct by the Defendant that was clearly unreasonable in light of known circumstances.

**ANSWER:** Plaintiffs admit to allegations contained in this paragraph. Count I alleges violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 in the context of a hostile learning environment. Plaintiffs do allege conduct by the Defendant that was clearly unreasonable in light of known circumstances.

- A.) Known circumstances were sufficiently pled of the danger to other students, including Plaintiff, L.G., of the perpetrator. (Complaint ¶ 8, 9, 10, 15, 16, 26, 27 & 28).
- B.) Conduct by Defendant were clearly unreasonable. (Complaint ¶ 11, 12, 13, 14, 16, 17, 22, 23 & 25).

3. Plaintiffs also fail to allege conduct by the Defendants that caused L.G. to be subjected to severe, pervasive, and objectively offensive conduct at school that was sufficiently severe as to cause a concrete, negative effect on her education, and therefore sufficient to constitute actionable Title IX sexual harassment.

**ANSWER:** Plaintiffs deny the allegations contained in this paragraph. Plaintiffs do allege conduct by the Defendants that caused L.G. to be subjected to severe, pervasive, and objectively offensive conduct at school that was sufficiently severe as to cause a concrete, negative effect on her education, and therefore sufficient to constitute actionable Title IX sexual harassment.

- A.) Severe sexual abuse/harassment is alleged against Plaintiff, L.G. (Complaint ¶ 18, 20, 21, 22, 26, 29 & 30).

B.)   A concrete, negative effect on Plaintiff, L.G.'s education was caused. (Complaint ¶ 31).

4.   Plaintiffs also fail to allege conduct by the Defendants that was tantamount to recklessness.

**ANSWER:**   Plaintiffs deny the allegations contained in this paragraph. Plaintiffs do allege conduct by Defendant that was tantamount to recklessness. (Complaint ¶ 11, 12, 13, 14, 16, 17, 22, 23, 25 & 32).

**Count II – 42 U.S.C. § 1983; Illinois Abused and Neglected Child Reporting Act**

5.   Count II alleges Defendants violated 42 U.S.C. § 1983 and the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/1 *et seq.*, alleging that Defendants failed to protect L.G. from sexual harassment by a first-grade classmate and failed to report the peer harassment to authorities as allegedly required under the Illinois Abused and Neglected Child Reporting Act.

**ANSWER:**   Plaintiffs admit to the allegations contained in this paragraph.

6.   Plaintiffs' § 1983 claims are preempted by Title IX.

**ANSWER:**   This paragraph states a legal conclusion and, accordingly, requires no response. To the extent a response is required, Plaintiffs deny the allegations contained in this paragraph.

7.   In addition, Plaintiffs cannot prevail on their § 1983 claims because Plaintiffs do not allege a widespread policy or practice leading to a constitutional deprivation, fail to allege the Board had actual or constructive notice of an alleged violation of a constitutional right, and fail to allege that Principal Held was a policy-maker.

**ANSWER:** Plaintiff cannot prevail, but Plaintiffs do allege that the Board through its agent has actual or constructive notice of an alleged violation of a constitutional right so we deny the allegations contained in this paragraph. (Complaint ¶ 35 & 36).

8. Plaintiffs lack standing to assert a violation of the Illinois Abused and Neglected Child Reporting Act, which does not provide for a private cause of action.

**ANSWER:** Plaintiffs admit that there is no standing to sue for private right of action, but aver that a violation of a statute is "negligence per se" as it is a criminal offense.

**Count III – Willful and Wanton Misconduct/Deliberate Indifference**

9. Count III alleges willful and wanton misconduct and deliberate indifference, arising from Defendants' alleged omissions in evaluating records of a transfer student and disseminating information to school personnel about the student records. Count III further alleges Defendants failed to implement appropriate policies to respond to Plaintiffs' alleged complaints to school personnel.

**ANSWER:** Plaintiffs admit to the allegations in this paragraph, but aver that additional allegations were made.

A.) Willful and wanton misconduct and deliberate indifference did arise from Defendants' alleged omissions in evaluating records of a transfer student and disseminating information to school personnel about the student records. (Complaint ¶ 42, 43, 44, 45, 46, 47 and 48).

B.) Defendants did fail to respond to Plaintiff's alleged complaints to school personnel and/or responded in a matter that was tantamount to recklessness. (Complaint ¶ 49, 50, 51, 52, 59, 60, 61, 62, 67, 68, 69, 70 & 71).

10. Inasmuch as the alleged omissions constitute acts of discretion and the implementation of policy, Count III is barred by the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* Moreover, Section 2-201 of the Illinois Tort Immunity Act does not provide an exception to immunity for willful and wanton conduct, thus Plaintiffs' allegations that the Defendants' conduct was willful and wanton are irrelevant.

**ANSWER:** This paragraph states a legal conclusion and, accordingly, requires no response. To the extent a response is required, Plaintiffs deny the allegations contained in this paragraph. **In loco parentis.**

**Count IV – Negligence**

11. Count IV alleges negligence and is the subject of a separately filed Motion to Dismiss.

**ANSWER:** Plaintiffs admit that they allege negligence and it is the subject of a separately filed Motion to Dismiss.

WHEREFORE, for the reasons set forth herein, the Plaintiffs respectfully request that this Court enter an Order either dismissing Defendants' Motion for Judgment for Pleadings with prejudice and awarding Plaintiffs their costs of suit, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
S.G. and S.G. as parents and guardians of L.G., a minor, Plaintiffs.

By: /s/Joyce O'Neill Austin
Joyce O'Neill Austin
Shriver, O'Neill & Thompson
515 N. Court Street
Rockford, IL 61103
Phone: (815) 963-4896

## AFFIDAVIT OF SERVICE

The undersigned certifies that on June 4, 2008, a copy of the following was electronically served vis the U.S. District Court CM/ECF E-Filing System upon the following:

**S.G. and S.G. v. Rockford Board of Education, School District No. 205**

For Defendant:
Lori L. Hoadley
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Phone: (815) 490-4900


/s/ Michelle Kayser


Prepared by:
THE LAW OFFICES OF
SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin
515 N. Court Street
Rockford, IL 61103
Phone: (815) 963-4896
Fax:    (815) 963-4904