## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| **S.G. and S.G.,** as parents and guardians of **L.G.,** a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08-C-50038 |
| vs. | ) ) | |
| **ROCKFORD BOARD OF EDUCATION** and **KENNETH HELD**, in His Capacity as Principal of Rolling Green Elementary School, | ) ) ) ) ) | Judge Kapala Magistrate Mahoney |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**NOW COMES** the Plaintiffs, S.G. and S.G. as parents and guardians of L.G., a minor, by their attorneys, LAW OFFICES OF SHRIVER, O'NEILL & THOMPSON, and as and for their Memorandum of Law in support of their Response to Defendants' Motion for Judgment on the Pleadings, states as follows:

Defendants are not entitled to judgment on the pleadings because this court must accept all well-pled allegations which raise a question of fact supported by law. Under Fed.R.Civ.P.12(d), if a motion for judgment on the pleadings presents matters outside the pleadings, all parties must be given a reasonable opportunity to present all of the material that is pertinent to the motion (see, f.n.2 Defendants' Memorandum of Law In Support of their Motion For Judgment on the Pleadings p.13).

**Background Facts**

Plaintiffs, S.G. and S.G. ("Parents") as the parents of a minor, L.G., have sued the Rockford Board of Education, School District No. 205 (the "Board"), and the principal of Rolling Green Elementary School, Kenneth Held in his official capacity ("Principal"), seeking compensation for violations of federal and state law arising from a first-grade classmate's ("the problem first-grader", "harassor" or "perpetrator") sexual harassment of Plaintiff L.G.

Supplemental information has been provided by Defendants in their Answer and Affirmative Defenses which further supports the allegation of Plaintiffs. That in addition to the two or more complaints of Parents to the Principal and their conversations with him, the classroom teacher also informed the Principal of the alleged sexual harassment (Complaint ¶ 15) (Answer ¶ 15 ). The question also rises in the pleadings as to why two first-grade students would have access to a janitor's closet at any time, especially during a school day when they were apparently unsupervised (Complaint ¶ 20). After the actual notice to Defendant Principal Held by the Parents (at least twice (Complaint ¶ 15)) and the teacher (Answer ¶ 15 ), Principal Held took no action, but informed the Parents there was essentially nothing to worry about (Complaint ¶ 16).

**Argument**

I. **The Plaintiffs did meet the pleading standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly.**

The Plaintiffs do meet the pleading standard as articulated by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, ---- U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). A federal complaint need only provide a Defendant notice of the claim against it.

2

Fed.R.Civ.P..8(a)(2), Bell Atlantic Corp. v. Twombly, ---- U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The complaint must plausibly suggest that Plaintiff has a right to relief Bell Atlantic,127 S.Ct. at 1965,1973 n.14 . The Plaintiffs in this matter have sufficiently alleged the grounds of their entitlement to relief with enough specificity to put the Defendants on notice of specific facts of operative dates of occurrences of sexual harassment between January, 2007 to at least the end of May, 2007, as well as violations by Defendants of their duty of care to Plaintiff L.G. There are specific examples of sexual harassment of Plaintiff L.G. and of her injuries (see Complaint ¶ 18, 20, 26, 29, 30, 38, 40, 52, 54, 60, 63, 64, 66, 72, 73 &74 ).

**II.　　Count I – The allegations of violations of Title IX do not fail as a matter of law.**

　　The Plaintiffs have met the standard under Davis v. Monroe Co. Bd. of Educ., 526 U.S. 629, 651, 119 S.Ct. 1661 (1999), in that Plaintiffs have effectively alleged sexual harassment ongoing since at least January, 2007, to the end of May, 2007. The harassment was so severe and objectively offensive that the Plaintiff L.G. has suffered both physical and emotional trauma that has necessitated ongoing psychological treatment and she has been forced from the school district because of its failure to protect her from said sexual abuse, thus causing a denial to equal access. Repeatedly, the Defendants in their Memorandum of Law ignore and choose to overlook the "actual notice " provided to Defendants prior to March 13, 2007. Of course, the Defendants took no action to investigate the allegations of sexual misconduct by the perpetrator/harassor as early as January, 2007, when Defendants were informed twice or more by the Parents and apparently by the teacher as well (Complaint ¶ 15 and Answer ¶ 15). Unlike in Gabrielle M. v. Park Forest-Chicago Heights, Illinois School Dist. 163, 315 F.3d 817, 822-23 (7th Cir. 2003), which was cited by the Defendants, there was only one perpetrator involved and one victim and

the child or the parents or the teacher for that matter did notify the administration prior to a particularly bad incident. They warned of the risk of further harm to Plaintiff L.G., by citing the sexual nature of the harassment as early as January, 2007. In <u>Gabrielle,</u> Id. there was no actual notice of a complaint and the <u>Gabrielle,</u> Id. child even reported afterwards that she was only being "bothered" prior to the incident in question. There is even an issue of whether the situation in <u>Gabrielle,</u> Id. was as egregious as the case at hand where the Plaintiff was actually sexually assaulted in a janitor's closet where no first grader should have had access. Of course, like in <u>Gabrielle,</u> Id., this District was repeatedly notified of the ongoing and repeated harassment of Plaintiff L.G. after the assault, but the damage had already been done by the prior inaction of these Defendants. They knew who the perpetrator/harassor was, who the victim was, and that the assault/harassment would be sexual in nature. They also knew it would occur at school as the prior complaints were made by the parents and the teacher to the Principal. The only issue was "when". The continuous nature of the ongoing and repeated harassment here after the not unexpected sexual harassment/assault on March 13, 2007, just exacerbated Plaintiff's injuries.

  The actions allegedly take by Defendants in this matter were similar to <u>Gabrielle,</u> Id., but it was like closing the barn door once the horse was out when you knew the barn door was open and this horse had escaped before. Unlike <u>Gabrielle,</u> Id. there was no attempt to adjust the lunch hour of the perpetrator or the victim. No psychological services were engaged. The perpetrator/harassor was not isolated. The perpetrator/harassor was also allowed to communicate with the victim Plaintiff L.G. through other students (see Answer ¶ 26 & 60). The Defendants minimize the egregious nature of the prior physical contact that the perpetrator/harassor had with Plaintiff L.G. while they were students in the same classroom prior to March 13, 2007. Despite

the prior notice, while in reading groups in the classroom setting, the perpetrator/harasser was allowed to sit so close to Plaintiff L.G. that he "would put his hands down the back of her pants on a regular basis and fondle her on her naked buttocks and smell his fingers. " (Complaint ¶18). There is nothing in <u>Gabrielle,</u> Id. that rises to that allegation, even without the detailed and graphic description of what occurred on March 13, 2007. In <u>Gabrielle,</u> Id. peer-on-peer harassment by a 5 year old was considered to be argumendo to be sexual harassment. <u>Gabrielle.Id</u>, 315 F.3d 817 (7th Cir. 2003). The Defendants mischaracterize <u>Gabrielle,</u> Id. by stating that a report of sexual harassment by a parent does not constitute a finding of sexual harassment under Title IX. (See <u>Gabrielle,</u> Id. 315 F.3d. at 822-23 and Defendants' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings p.7.) The Defendants failed to note the report in <u>Gabrielle,</u> Id. was made afterwards and there was <u>NO</u> prior notice. Here the sexual remarks as reported to a teacher and a principal, who knew of the prior behavioral and sexual misconduct of the perpetrator/harassor, is a warning of future misconduct. Ignoring this communication by the Parents was reckless disregard and deliberate indifference for the future safety of L.G. under <u>John Doe vs. The Chicago Board of Education</u>, 213 Ill.2d 19 (2004). <u>Davis v. Monroe Co. Bd. Of Educ.</u>, 526 U.S. 629, 654, 119 S.Ct. 1661 (1999). In <u>John Doe,</u> Id., as alleged here, the District was on notice of the sexual nature of the potential harassment against a random student who in that case happened to be a special education child. Here there was a specific victim acknowledged by the Defendants prior to March 13, 2007, a very vulnerable 6 year old girl in need of the same protection as in <u>John Doe,</u> Id. This Defendant had school records of a transfer student who had behavioral issue as admitted in the answer to the complaint (Answer ¶ 8, 16, 42 & 50). The Plaintiffs allege further that in January, 2007, Principal

Held informed them that the perpetrator/harassor also had sexual misconduct issues (Answer ¶16). With this type of actual notice, as shown in John Doe, Id, the Plaintiffs have met the pleading standard required in federal court under Title IX and Davis v. Monroe Co. Bd. of Educ.,526 U.S. 629 (1999). Under Davis, Id. the Defendants' response here to known circumstances must be "not clearly unreasonable". However here, there was no response at all to the notice provided to the teacher and to the Principal in January, 2007. Under Davis, Id. this case should not be dismissed in that this court cannot say beyond a doubt that the Plaintiffs can prove no set of facts that would entitle them to relief.

In Gabrielle M. v. Park Forest-Chicago Heights, Illinois School Dist. 163, 315 F.3d 817, 822-23 (7th Cir. 2003), there was no actual notice of sexual harassment until the actual incidents were observed by an aide or teacher. Gabrielle, Id. Plaintiffs instead complained that since kindergarten students were closely observed, the teachers should have noticed the harassment or "bothering " sooner. That is not the case here. Davis, Id. holds actual notice, not constructive notice, is the appropriate standard in peer harassment cases. Davis v. Monroe Co. Bd. Of Educ., 526 U.S. at 646-647. Reports in the record of inappropriate behavior is sufficient for actual notice. Vance v. Spencer County Public School Dist., 231 F.3d 253, 259 (6th cir. 2000). " [I]f a person with a lurking suspicion goes on as before and avoids further knowledge this may support an inference that he has deduced the truth and is simply trying to avoid giving the appearance (and incurring the consequences ) of knowledge." U.S. v. Ramsey, 785 F.2d.184,189 (7th Cir. 1986).

### III.     Count II – Plaintiffs' § 1983 claims.

Plaintiffs do not just assert a claim under § 1983, but under the Illinois Abused and Neglected Child Reporting Act. ("Reporting Act"). Defendants alleged failure to follow the Reporting Act for all of the abuse of Plaintiff L.G. from January, 2007, to May, 2007. This could be a 'custom or usage' regarding unwritten understandings by the Defendant Board.  i.e. 'Boys will be boys', 'DCFS will not find it "indicated" any way against a six year old' , 'We do not need the publicity'. As Defendants state, a policy may be established by inaction or custom. Cornfield v. Consol. High Sch. Dist. No.230, 991 F.2d 1316, 1324 (7th cir. 1993). A widespread practice might well exist whether throughout the Defendant Board or at least at Rolling Green Elementary School for failing to inform the proper authorities of the sexual harassment/assault of peer-on-peer, especially in the lower grades when the children are more vulnerable and least likely to report it themselves. As cited in the complaint (Complaint ¶ 33), a report must be made. It is "mandated" Doe v. Dimovski, 336 Ill.App.3d 292, 783 N.E.2d 193, 270 Ill.Dec. 618 (2nd Dist. 2003). Doe vs. Board of Education of Hononegah Community High School District No. 207, 833 F.Supp. 1366 (N.D.Ill.1993). Principal Held and the Board's deliberate indifference to the reports received by the Defendants, whether by transfer school records, reports by the teacher and the Parents, clearly put the Defendants on notice that a violation of Plaintiff L.G.'s civil rights was occurring and would likely continue to occur if no action was taken to get the perpetrator/harassor help. An ongoing custom with this Defendant Board is to avoid providing additional special services to children i.e psychological, social work, etc., because of the cost and the inconvenience. In other portions of Defendants brief they cite Gabrielle M. v. Park Forest-Chicago Heights, Illinois School Dist. 163, 315 F.3d 817, 822-23 (7th Cir. 2003). In Gabrielle, Id.

the District did intervene with services from a psychologist. Why did Principal Held in January, 2007, not refer the transfer student for an evaluation or intervention from a school psychologist to look into the allegations? Why was the teacher not counseled to watch the transfer student for any more aberrant sexual behavior i.e. putting his hands down Plaintiff L.G.'s pants and fondling her naked buttocks and smelling his fingers? This allegedly occurred repeatedly in her classroom. But when you have so many students on a rug in front of you and you cannot see who is sitting so close to whom, it is difficult to observe unless you have been warned to do so by a school psychologist or a principal. If she had been instructed to keep the transfer student close by her, possibly the harassment/abuse may not have occurred. If a simple classroom observation of the transfer student had been made, which is a routine occurrence, then again the harassment/abuse might not have occurred.

    The role of the principal has been codified into law in Illinois in 105 ILCS 5/10-21.4(a). He or she is the instructional leader at each school building and does have the responsibility to insure that all instructional mandates have been implemented, including that of students with behavioral and sexual misconduct issues. There is no indication by Defendants in their Answer as to whether the transfer student ever had special education/services intervention to prevent any further occurrence of the harassment or abuse. Why not intervention though special services both for the victim and the perpetrator/harassor? Frankly it's the law, See IDEA, 20 U.S.C. § 1400, seq.

**IV.     Count III is not barred by the Local Governmental and Governmental Employee Tort Immunity Act.**

Defendants are attempting to bootstrap the allege failure to report the sexual assaults against Plaintiff L.G. as being a determination of policy or an exercise of discretion under the Tort Immunity Act. It is neither, in fact it must be a ministerial function under the Illinois Abused and Neglected Child Reporting Act because all District employees must report abuse or neglect whether they are certified or otherwise. 325 ILCS 5/4 states: "Persons required to report;...Any physician, resident,...school personnel (including administrators and both certified and non-certified school employees)." That is why teachers, clergy men and doctors, etc., are mandated reporters. Even though the Reporting Act does not authorize a private right of action, it is a statute that provides criminal penalties for violations as well as potential loss of licenses and certifications from the State. Defendants are either misinterpreting or misquoting an important point of this law. 325 ILCS 5/3 states: "An 'Abuse Child' means... any person responsible for the child's welfare... a) who allows to be inflicted...physical injury...impairment of physical or emotional health....b) creates a substantial risk... of physical injury "which would be likely to cause impairment of physical or emotional health"... c) "allows to be committed any sex offenses against such child." 325 ILCS 5/3 also states that "Person responsible for the child's welfare" means..."any other person responsible for the child's welfare at the time of the alleged abuse or neglect, or any person who came to know the child through an official capacity or position of trust, including but not limited to health care professionals, educational personnel,....in any setting where children may be subject to abuse and neglect."Clearly that is anyone who has knowledge of the harassment/abuse of Plaintiff L.G. at Rolling Green Elementary School. Further the Reporting Act does not require that allegations of sexual harrassment must be

"credible" as cited by Defendant ( Defendants' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings, p.14 ) "Credible" is mentioned in 325 ILCS 5/3 (not 5/2). "Credible" evidence must be determined by DCFS in order to find an 'indicated report'. It is not at the discretion of a school official to report harassment/abuse they are required to report if they have "reason to believe " abuse or neglect has occurred. 325 ILCS 5/4. (Complaint ¶ 67, 68 & 71). It is clear that the legislature has taken away all discretion from reporting or they would not be requiring even uncertified school personnel to report the abuse as well. 325 ILCS 5/4.

      Plaintiffs do cite to Doe v. Chicago Bd. of Edu., 213 Ill.2d 19 (2004). This case does provide that if a district has prior knowledge that sexual abuse/harassment could occur by a specific perpetrator/harassor, there is no protection under the Tort Immunity Act. Defendants argue that of course the District in Doe, Id had more specific knowledge of the past offenses of that perpetrator/harassor. Here, however, the Defendants had actual knowledge of the transfer student's past tendencies to misbehave (from school records and the parents) and ALSO knew the identity of the victim. The Tort Immunity Act does not give absolute immunity against liability to a school system or we would have chaos in our schools with children being injured and psychologically damaged everyday, see Doe, Id. We must have some accountability especially when our teachers and administrators have tenure in their jobs and constitutional protections in their property rights in those jobs. Perry v. Sineman, 408 U.S. 593, 33 L.Ed.2d 570, 92 S.Ct. 2694 (1972). Rockford Principals and Supervisors Association v. Board of Education of Rockford School District 205, 721 F.Supp. 948 (N.D.Ill. 1989). Under the Tort Immunity Act statue the district had more than enough actual notice of the sexual nature of the perpetrator's prior misconduct. The willful and wanton disregard for Plaintiff L.G.'s safety was not knowingly

giving access to Plaintiff LG. on a particular day. It was failing to take ANY measures to separate the known perpetrator/harassor from the known victim prior to any more occurrences. It was also the failure of providing both of them proper instructional interventions and psychological support to prevent any further harassment as well as allowing first graders physical access to an unlocked janitor's closet. Obvious dangers in a janitor's closet can lurk out of sight of any adult.

The Defendants state ministerial acts are "those which a person performs on a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without reference to the official's discretion as to the propriety of the act". Snyder v. Curran Twp., 167 Ill.2d 466, 474 (Ill.1995). "Policy decisions are those that require the public entity or employee to 'balance competing interests and to make a judgment call as to what solution will best serve each of those interests." Harinek v. 161 North Clark Street Ltd. P'ship, 181 Ill.2d 335, 342, 692 N.E.2d 1177, 230 Ill.Dec. 11 (1998). (See Defendants' Memorandum of Law in Support of Their Motion to Dismiss Count IV of Plaintiffs' Complaint, Pg. 5).There is no competing interest to refer a child for special services, nor is it just a school district's responsibility, a parent may do so as well. IDEA, 20 U.S.C. § 1400, et seq. There is no competing interest to provide information regarding the special needs of a child to school personnel. It is mandated under IDEA. There is no competing interests or discretion as to whether a janitor's closet in a first grade wing should be locked. and made inaccessible to young children. In fact, under 740 ILCS 130/1, et seq., there is liability for negligence or harm to the public or students for injuries caused by the physical condition of a building. In this case an unlocked janitor's closet, especially in a first grade hallway during school hours, would be unreasonably dangerous for a six year old.

WHEREFORE, for reasons set forth herein, the Plaintiffs request the Court to enter an Order dismissing Defendants' Motion for Judgment on the Pleadings with prejudice and awarding Plaintiffs their costs of suit, and for such other and further relief as this Court deems just and appropriate.

>
> Respectfully submitted,
> S.G. and S.G. as parents and guardians of
> L.G., a minor, Plaintiffs.
>
> By: /s/Joyce O'Neill Austin
>     Joyce O'Neill Austin
>     Shriver, O'Neill & Thompson
>     515 N. Court Street
>     Rockford, IL 61103

## AFFIDAVIT OF SERVICE

The undersigned certifies that on June 4, 2008, a copy of the following was electronically served vis the U.S. District Court CM/ECF E-Filing System upon the following:

**S.G. and S.G. v. Rockford Board of Education, School District No. 205**

For Defendant:
Lori L. Hoadley
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Phone: (815) 490-4900


/s/ Michelle Kayser


Prepared by:
THE LAW OFFICES OF
SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin
515 N. Court Street
Rockford, IL 61103
Phone: (815) 963-4896
Fax:    (815) 963-4904