IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| S.G. and S.G., as parents and guardians of L.G., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKFORD BOARD OF EDUCATION and KENNETH HELD, in His Capacity as Principal of Rolling Green Elementary School,<br><br>Defendants. | Case No.: 08-C-50038<br><br>Judge: Kapala |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
COUNT IV OF PLAINTIFFS' COMPLAINT**

NOW COME the Defendants, ROCKFORD BOARD OF EDUCATION, SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS (incorrectly identified as "Rockford Board of Education" and hereinafter referred to as "the Board") and KENNETH HELD, in his Capacity as Principal of Rolling Green Elementary School (hereinafter "Principal Held"), by and through their attorney, Lori L. Hoadley of HINSHAW & CULBERTSON LLP, and for their Reply in support of their Motion to Dismiss Count IV of Plaintiffs' Complaint, state as follows:

**I.   Plaintiffs Fail to Allege the Operative Facts to Survive the Motion to Dismiss Count IV.**

To withstand a motion to dismiss, the complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir.1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). The plaintiff must plead allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th

Cir.2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). As the Supreme Court explained in *Bell Atlantic*, the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 127 S.Ct. 1964-65.

Here, in addition to pleading a claim that is barred by the Tort Immunity Act, as fully argued in Defendants' Motion to Dismiss and Memorandum of Law in Support, Plaintiffs also fail to plead the operative facts of an actionable negligence claim, and accordingly, for the reasons set forth below and in Defendants' Motion to Dismiss and Memorandum in Support Thereof, Count IV should be dismissed with prejudice.

## II.　Plaintiffs' Negligence Claim is Barred by the Tort Immunity Act.

Count IV of Plaintiff's Complaint alleges that Principal Held was negligent with respect to the following duties: (1) "<u>duty to warn all school personnel of this problem student's history...</u>" (¶80)(emphasis added); and (2) "<u>duty to implement proactive measures or other special services to this problem student...</u>" (¶81)(emphasis added).

In response, Defendants filed a Motion to Dismiss Count IV, based on the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, which bars Plaintiffs' negligence claim inasmuch as the negligence alleged in Count IV arises from Principal Held's discretionary acts, including decision-making and the implementation of policy. (*See* Defendants' Motion to Dismiss, Memorandum in Support, and, generally, Complaint at ¶¶78-80). The allegedly negligent acts or omissions of Principal Held as pled in Count IV arise from his allegedly negligent failure to appropriately respond to information purportedly contained in the transfer student's prior school records, including an alleged failure

to issue a warning to staff about the student and a failure to "implement proactive measures or other special services" for the student. (Complaint at ¶¶78-81).

Discretionary acts, which are immune under the Tort Immunity Act, are those which are "unique to a particular public office," while ministerial acts are "those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." *Snyder v. Curran Twp.*, 167 Ill.2d 466, 474 (Ill. 1995). Here, the allegedly negligent acts pled in Count IV clearly fall within the definition of discretionary acts. Because the Tort Immunity Act bars claims arising from allegedly negligent decisionmaking and implementation of policy, Defendants' Motion to Dismiss and Memorandum in Support establish that the claim is barred and that Count IV should be dismissed.

### III. Plaintiffs' Response Brief Improperly Attempts to Re-Write their Negligence Claim and Assert an Entirely New Theory.

Apparently realizing that their original allegations could not survive a motion to dismiss, Plaintiffs' Memorandum of Law in Support of their Response to Defendants' Motion seizes upon an entirely new theory: that Principal Held "had the responsibility to maintain the facility and the building itself in a workman-like manner" and was negligent because he allowed a closet door to be unlocked at the school. (Plaintiffs' brief at 2). Thus, Plaintiffs now abandon the allegations of the Complaint, asserting instead that the negligence was not a failure to warn, or a failure to provide special services, as alleged in the Complaint, but was instead a failure to properly maintain the school building. (Plaintiff's brief at 2).

Under this novel theory, by allowing the so-called "janitor's closet" to remain unlocked, Principal Held is liable in negligence because "it is definitely foreseeable that children would play with chemicals, brooms(sticks) equipment of a risky nature, or have access to electric

3

panels, plumbing, gas, or other dangers." Plaintiffs' brief at 2. Plaintiffs further assert that it is "also foreseeable that young children would hide, go missing, or be locked in an airless closed shaft with chemicals." *Id.* Finally, Plaintiffs allege that "[b]y leaving the janitor's closet unlocked it is clearly foreseeable that children, especially first graders, would hide in the closet." *Id.* This litany of new allegations is not only missing from the Complaint, there is no allegation that L.G. was injured by the purportedly "foreseeable dangers" of an unlocked closet.

The role of the closet, as alleged in Count IV of Plaintiffs' Complaint, is limited to the following:

> 87. On March 14, 2007, student L.G. had permission to go to the bathroom and unbeknownst to the classroom teacher, the problem student left the classroom and followed her.
>
> 88. The problem student then took student L.G. to a janitor's closet and proceeded to sexually batter, harass and abuse her, physically and emotionally, in an aberrant sexual manner. (The specifics of this incident are too egregious and graphic to detail here, but are alleged sufficiently to place Defendants on notice.)
>
> 89. They were discovered by a passing aide/paraprofessional who heard student L.G.'s cries, complaints and whimpers from said closet where she was trapped by the problem student.

Count IV makes no further reference to the closet, and there is no reference to L.G. having been harmed by chemicals, electrical panels, or other dangers allegedly lurking in the closet. Moreover, Count IV does not allege that the problem first-grader hid in the closet. Rather, the Complaint merely alleges that the problem student snuck out of his classroom, followed L.G. out into the hall, and from there allegedly "took student L.G. to a janitor's closet." (Complaint at ¶ 88).

Even if Plaintiffs' new theory of the dangerous unlocked closet had been pled in their Complaint, under Illinois law, to state a claim for negligence, the plaintiff must establish that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, <u>and that the</u>

4

<u>plaintiff was injured as a proximate result of such breach</u>. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 746 (7th Cir. 2007)(emphasis added) (quoting *Gilley v. Kiddel*, 372 Ill.App.3d 271, 865 N.E.2d 262, 267, 309 Ill.Dec. 899 (Ill.App.Ct. 2007)). The Illinois Supreme Court has explained that the term "proximate cause" encompasses two questions: "Was the defendant's negligence a material and substantial element in bringing about the injury, and, if so, was the injury of a type that a reasonable person would see as a likely result of his or her conduct?" *First Springfield Bank & Trust v. Galman*, 188 Ill.2d 252, 720 N.E.2d 1068, 1072, 242 Ill.Dec. 113 (Ill. 1999).

Notwithstanding the fact that the Complaint does not mention the alleged duty to keep closets in an elementary school locked, even if such an alleged duty had been pled, Plaintiffs' have failed to adequately allege the element of proximate cause for their negligence claim, and their assertion that it was "foreseeable" that a student might be injured by chemicals, gas, or an electrical panel in an "airless" closet[1] is entirely irrelevant, inasmuch as Plaintiffs allege no such injuries to L.G.

Moreover, no reasonable jury could conclude that a reasonable person would foresee sexual harassment and/or sexual assault as the likely result of leaving a closet door unlocked in an elementary school. Plaintiffs cannot establish that leaving the closet door unlocked was a "material and substantial element in bringing about the injury" – here, alleged sexual harassment and/or sexual assault – and as a result, even if Plaintiffs had pled their "dangerous closet theory" in the Complaint, they would have failed to plead allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.' " *E.E.O.C. v.*

---

[1] Plaintiffs are urged to remember that Rule 11 imposes a duty to conduct reasonable inquiry and to determine that there exists evidentiary support for factual contentions and representations made to the Court, or risk the imposition of sanctions.

70564253v1 887625

*Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

Finally, the decision of whether all, or some, closets should be locked in an elementary school is clearly a discretionary decision, and as such, Defendants are entitled to immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1 et seq., which provides at 10/2-201 that "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." *Id.* "[A]n employee may be granted immunity if he holds either a position involving the determination of policy or a position involving the exercise of discretion." *Harinek v. 161 N. Clark St. Ltd. P'ship*, 181 Ill.2d 335, 341, 692 N.E.2d 1177, 230 Ill.Dec. 11 (1998). In addition, Section 2-109 of the Act immunizes a local public entity from liability for an injury resulting from an employee's act or omission where the employee is not liable. 745 ILCS 10/2-109. Together, Sections 2-201 and 2-109 of the Act provide discretionary immunity to public entities, and accordingly immunize the decision as to which, if any, closet doors should be locked in the school. *See, e.g., Smith v. Waukegan Park Dist.*, 2008 WL 1746664, 3 (Ill. April 17, 2008); *Village of Bloomingdale v. CDG Enterprises, Inc.*, 196 Ill.2d 484, 496, 752 N.E.2d 1090 (Ill. 2001).

**Conclusion**

Because Count IV of the Complaint pleads negligence based on Principal Held's allegedly negligent decision not to disseminate information to staff at the school, and his allegedly negligent failure to develop and implement "proactive measures or other services" with respect to an incoming transfer student, the Plaintiffs' negligence claim is barred by the Tort

Immunity Act. Similarly, the theory that the principal was negligent because the closet door should not have been left unlocked, is barred by the Tort Immunity Act.

Even if Plaintiffs had pled their novel theory, which is not pled in the Complaint but appears for the first time in their Response brief, that it was the unlocked closet that caused the alleged sexual harassment, and that Principal Held should have made sure that all closet doors were locked, such an allegation does not plausibly state the necessary element of proximate cause, and dismissal is therefore proper.

WHEREFORE, for the reasons set forth herein and in Defendants' Motion to Dismiss Count IV and Memorandum of Law in Support, the Defendants, ROCKFORD BOARD OF EDUCATION, SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS, and KENNETH HELD, respectfully request that this Court enter an Order dismissing Count IV with prejudice.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/ Lori L. Hoadley
    Lori L. Hoadley

70564253v1 887625

## AFFIDAVIT OF SERVICE

The undersigned certifies that on June 17, 2008 a copy of the foregoing was electronically served via the U.S. District Court CM/ECF E-Filing System upon the following:

Joyce O'Neill Austin, Esq.
The Law Offices of Shriver, O'Neill & Thompson
515 N. Court Street
Rockford, IL 61103
Phone 815.963.4896
Fax 815.963.4904


/s Sue Zimmerman


Firm No. 695
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Phone 815.490.4900
Fax 815.490.4901

70564253v1 887625